IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| COURTNEY TAYLOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:14-CV-94 (WLS) |
| | : | |
| MILLERCOORS, LLC., *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Defendants Owens-Brockway Glass Container, Inc. ("Owens") and MillerCoors, LLC ("MillerCoors") filed a Motion to Dismiss Plaintiff Courtney Taylor's Claim for Punitive Damages. (Docs. 6 & 10.) For the reasons that follow, those Motions are **GRANTED.** Also, Defendant Gamer Packaging, Inc. ("Gamer") filed a Motion to Supplement the Record. (Doc. 23.) That Motion is **GRANTED.**

## BACKGROUND

This defective products case was removed from Dougherty County State Court. (Doc. 1.) The complaint, as amended, alleges that Taylor was serious injured by a defective bottle while packaging MillerCoors' bottles for her employer, Defendant Fleetmasters. (Doc. 1-2 at 14 ¶¶ 11-13.) Allegedly, Owens and MillerCoors are strictly liable for Taylor's injuries. (*Id.* at 15-16 ¶¶ 20-22.) Taylor seeks punitive damages because the actions of Owens and MillerCoors "showed willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which would raise the presumption of conscious." (*Id.* at 21 ¶ 45.) Owens and MillerCoors seek to dismiss the punitive damages claim.

## ANALYSIS

**I.   Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. When reviewing a Rule

1

12(b)(6) motion, the Court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " will not survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Georgia law provides that punitive damages may not be awarded unless "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." *COMCAST Corp. v. Warren*, 650 S.E.2d 307, 311 (Ga. App. Ct. 2007) (citing Ga.Code Ann. § 51-12-5.1(b)). In light of the Rule 12(b)(6) standard discussed above, to survive a motion to dismiss the punitive damages claim, Taylor's complaint must plead *facts* that, if true, would demonstrate the referenced elements required for the award of punitive damages under Ga. Code Ann. § 51-12-5.1(b).

Taylor asserts that her complaint "alleges that defendants knowingly chose a riskier design and manufacturing process" and "[s]uch a decision exhibits a conscious indifference to consequences and an intentional disregard of the rights of others." (Doc. 20 at 3.) In support of that assertion, Taylor points to paragraphs 23, 27, and 28 in her complaint. (*Id.* at 1-2.) The allegations contained in those portions of Taylor's complaint, however, make no allegation that "defendants *knowingly* chose a riskier design and manufacturing process." (*See* Doc. 1-2 at 16-17; *see* Doc. 20 at 3 (emphasis supplied).) At best, Taylor's complaint makes allegations sufficient to make out a claim for products liability under Georgia's risk-utility test. *See Banks v. ICI Americas, Inc.*, 450 S.E.2d 671, 674 (Ga. 1994). Because Taylor's complaint, as to punitive damages, only contains a threadbare recital of the elements for such a claim, the Court finds that Taylor failed to state a claim for punitive damages. For that reason, the referenced Motions to Dismiss Taylor's Claim for Punitive Damages (Docs. 6 & 10)

are **GRANTED.**  Accordingly, Taylor's Punitive Damages Claim (*see* Doc. 1-2 at 21 ¶¶ 44 & 45) is **DISMISSED WITHOUT PREJUDICE.**

###    II.    Motion to Supplement the Record

Gamer seeks to supplement the record with its Answer and Stipulation for Extension of Time, which were filed in Dougherty County State Court.  (Docs. 23-1 & 23-2.)  Such supplementation is proper under 28 U.S.C. § 1449, and Taylor does not oppose the same.  As such, Gamer's Motion to Supplement the Record (Doc. 23) is **GRANTED.**

### CONCLUSION

For the foregoing reasons, Defendant Owens-Brockway Glass Container, Inc.'s Motion to Dismiss Plaintiff Courtney Taylor's Claim for Punitive Damages (Doc. 6) and Defendant MillerCoors, LLC's Motion to Dismiss the same (Doc. 10) are **GRANTED.**  As such, Taylor's Punitive Damages Claim (*see* Doc. 1-2 at 21 ¶¶ 44 & 45) is **DISMISSED WITHOUT PREJUDICE.**  Also, Defendant Gamer Packaging, Inc.'s Motion to Supplement the Record (Doc. 23) is **GRANTED.**

**SO ORDERED**, this  20th  day of August 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**